1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8   WAYNE KERRY CAPTAIN,                    No. C 08-5294 MHP (pr)

9          Plaintiff,                       **ORDER OF SERVICE**

10       v.

11   ANTIOCH POLICE DEPARTMENT;
    et al.,
12

13          Defendants.
    _____/

14

15                    **INTRODUCTION**

16       Wayne Kerry Captain, formerly an inmate at the Solano County Jail, filed this pro se

17   civil rights action under 42 U.S.C. § 1983.  The complaint is now before the court for review

18   pursuant to 28 U.S.C. §1915A.

                         **DISCUSSION**
19
         A federal court must engage in a preliminary screening of any case in which a
20
    prisoner seeks redress from a governmental entity or officer or employee of a governmental
21
    entity.  See 28 U.S.C. §1915A(a).  The court must identify any cognizable claims, and
22
    dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may
23
    be granted, or seek monetary relief from a defendant who is immune from such relief.  See
24
    28 U.S.C. §1915A(b)(1),(2).
25
         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that
26
    a right secured by the Constitution or laws of the United States was violated, and (2) that the
27
    violation was committed by a person acting under the color of state law.  See West v. Atkins,
28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

487 U.S. 42, 48 (1988).

In his complaint, plaintiff alleges that, on February 15, 2008, officers from the Antioch Police Department used excessive force when they arrested him.  Plaintiff alleges that he suffered severe eye and facial damage, as well as damage to his left ankle as a result of the beating he received from Antioch Police officers Koch (badge # 3018), Morefield (badge #3320), and Vanderpool (badge # 3626).  (The exhibits attached to the complaint indicate that plaintiff was arrested following a foot chase after police approached him on suspicion of drug-related criminal activity.)  Plaintiff also alleges that Antioch police officers Medina and Huddleston failed to alert their superiors "of the findings that displayed/ confirmed the excessive force in their lodging of the photo's that were taken of [plaintiff's] injuries."  Complaint, p. 2.  Plaintiff further alleges that officers Wisecarver and Anguina were investigating/reviewing officers who "failed in the justice due as policing officers by shifting the focus of the excessive force towards the view of charges that were never filed against [plaintiff] and try to justify acts of vigilence."  Id.

Liberally construed, the complaint states a § 1983 claim against defendants Koch, Morefield, and Vanderpool for a violation of plaintiff's Fourth Amendment rights by using excessive force during when they arrested him.  An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983.  See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447 (9th Cir. 1986), overruled on other grounds by Graham v. Connor, 490 U.S. 386 (1989).  Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard.  See Graham v. Connor, 490 U.S. at 394-95; Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994), cert. denied, 513 U.S. 1152 (1995).  Even with liberal construction, however, the complaint does not state a § 1983 claim against officers Medina and Huddleston for failing to tell their superiors that the photos taken of plaintiff suggested excessive force had been used on plaintiff or against officers Wisecarver and Anguina for focusing more on plaintiff's criminal activities than the amount of force used on him.

2

**CONCLUSION**

For the foregoing reasons,

1.     Plaintiff has stated a cognizable § 1983 claim against Antioch police officers Koch, Morefield, and Vanderpool for using excessive force on him in violation of his Fourth Amendment rights.  All other defendants and claims are dismissed.

2.     The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and this order upon these three officers employed in the Antioch Police Department:

> Officer Koch (badge # 3018)
> Officer Morefield (badge # 3320)
> Officer Vanderpool (badge # 3626)

3.     In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a.     No later than **June 19, 2009**, defendants must file and serve a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

b.     Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **July 24, 2009**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a

**United States District Court**
For the Northern District of California

genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.  (See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998).

   c. If defendants wish to file a reply brief, they must file and serve the reply brief no later than **August 14, 2009**.

  4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

  6. Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).   Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

  IT IS SO ORDERED.

Dated: March 12,  2009

_____
Marilyn Hall Patel
United States District Judge